992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James A. ROSS, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 92-6669.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1993.
 
 ORDER
 Before JONES and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 
 1
 James A. Ross, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Hamilton County, Ohio officials filed a detainer against Ross while he was in the custody of the Kentucky Corrections Cabinet. Ross waived extradition so Ohio authorities would be required to file charges against him within 180 days. After the 180 days had expired, Ross filed a motion to dismiss the detainer with the Hamilton County (Ohio) Court of Common Pleas. The motion was overruled and the decision was affirmed by both the Ohio Court of Appeals and the Ohio Supreme Court.
 
 
 3
 Ross then filed a petition for habeas relief essentially arguing that the detainer violated the Interstate Agreement on Detainers Act (IAD). The case was referred to a magistrate judge who recommended that the petition be dismissed. Upon de novo review, the district court dismissed the petition without prejudice. Ross filed this timely appeal arguing that the district court erred: 1) by concluding that the action was based on mere allegations; 2) by concluding that habeas relief was not available for IAD violations; 3) by failing to determine whether the IAD had created a liberty interest; 4) by holding that he should refile his IAD papers and subsequently raising the violations as a defense to future charges; and 5) by not addressing his claim that he had been irrevocably prejudiced by Ohio's delay in filing criminal charges. He also moves for oral argument.
 
 
 4
 Upon de novo review, we conclude that the district court properly dismissed the habeas petition because the record shows that Ross has not been denied a fundamental right. Cf. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Violations of the IAD do not state a cognizable claim for habeas relief under 28 U.S.C. § 2254. Browning v. Foltz, 837 F.2d 276, 283 (6th Cir.1988), cert. denied, 488 U.S. 1018 (1989). Ross's arguments are meritless.
 
 
 5
 Accordingly, we deny the motion for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.